J···· ···PS

09 CIV 5578

**FITAPELLI & SCHAFFER, LLP**
Joseph A. Fitapelli (JF 9058)
Brian S. Schaffer (BS 7548)
1250 Broadway, Suite 3701
New York, New York 10001
Telephone: (212)300-0375
Fax: (212)564-5468



IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

DAMON ANTHONY, MERVIN VAUGHT, JR.,
TED ISHAK, EZZAT TOM ISHAK, JASON
BENGERT, STEVEN SAFDIEH, EZRA
HAZAN, RAMY HENNEDY, FADY
HENNEDY, NEVIL NAYAK, ROBERT ISHAK,
MICHAEL MISSAK, individually and on behalf
all others similarly situated,

Plaintiffs,

v.

FRANKLIN FIRST FINANCIAL, LTD., and
FREDERICK ASSINI,

Defendants.

**COLLECTIVE ACTION COMPLAINT**

RECEIVED

JUN 2 5 2009

CHAMBERS OF
BARBARA S. JONES
U.S.D.J.

---

Plaintiffs Damon Anthony, Mervin Vaught, Jr., Ted Ishak, Ezzat Tom Ishak, Jason

Bengert, Steven Safdieh, Ezra Hazan, Ramy Hennedy, Fady Hennedy, Nevil Nayak, Robert

Ishak, and Michael Missak (hereinafter collectively referred to as "Named Plaintiffs" or

"Plaintiffs"), individually and on behalf of all others similarly situated, by their attorneys,

Fitapelli & Schaffer, LLP, allege, upon personal knowledge as to themselves and upon

information and belief as to other matters, as follows:

## PRELIMINARY STATEMENT

1.     Plaintiffs bring this action to recover unpaid minimum wage and unpaid overtime compensation on behalf of themselves and all other similarly situated current and former employees in the position of loan officer, who Franklin First Financial, Ltd., and Frederick Assini (hereinafter "Franklin First Financial" or "Defendant") failed to pay minimum wage and overtime compensation. Plaintiffs bring this action under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("Fair Labor Standards Act" or "FLSA"), on behalf of themselves and all similarly situated current and former employees who elect to opt into this action pursuant to the collective action provision of FLSA 29 U.S.C. § 216(b).

2.     Plaintiffs also bring a claim for failure to pay minimum wage and unpaid overtime wages under New York Labor Law Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 ("New York Labor Law" or "NYLL").

3.     Franklin First Financial is a nationally licensed mortgage bank offering a range of mortgage services, operating in New York, New Jersey, and Florida.

## THE PARTIES

### *The Plaintiffs*

#### Damon Anthony

4.     Plaintiff Damon Anthony ("Anthony") resides in New York, New York.

5.     Upon information and belief, Anthony was employed by Franklin First Financial from approximately September 2004 through approximately May 2008, as a loan officer.

6.     Upon information and belief, during his employment with Franklin First Financial, Anthony worked at 17 Battery Place, New York, New York 10004, 6901 Jericho Tpke., Syosset, New York 11791 and 1888 Eastchester Road, Bronx, New York 10461.

7.     Pursuant to Franklin First Financial's policy, pattern, and/or practice, Anthony regularly worked in excess of 40 hours per week and did not receive minimum wage and proper overtime compensation for all hours worked.

8.     Plaintiff Anthony is a covered employee within the meaning of the FLSA and the NYLL and seeks relief under both the FLSA and the NYLL for unpaid minimum wage and overtime compensation.

**Mervin Vaught, Jr.**

9.     Plaintiff Mervin Vaught, Jr., ("Vaught") resides in Staten Island, New York.

10.    Upon information and belief, Vaught was employed by Franklin First Financial from approximately May 2004 through approximately March 2007, as a loan officer.

11.    Upon information and belief, during his employment with Franklin First Financial, Vaught worked at 17 Battery Place, New York, New York 10004, from approximately May 2004 through approximately June 2006.

12.    Upon information and belief, during his employment with Franklin First Financial, Vaught worked at 567 Flushing Avenue, Brooklyn, New York 11206, from approximately July 2006 through March 2007.

13.    Pursuant to Franklin First Financial's policy, pattern, and/or practice, Vaught regularly worked in excess of 40 hours per week and did not receive minimum wage and proper overtime compensation for all hours worked.

14.     Plaintiff Vaught is a covered employee within the meaning of the FLSA and the NYLL and seeks relief under both the NYLL and the FLSA for unpaid minimum wage and overtime compensation.

**Ted Ishak**

15.     Plaintiff Ted Ishak resides in Brooklyn, New York.

16.     Upon information and belief, Ted Ishak was employed by Franklin First Financial from approximately 2003 through approximately November 2007, as a loan officer.

17.     During his employment with Franklin First Financial, Ted Ishak worked at 17 Battery Place, New York, New York 10004 and 90 John Street, New York, New York.

18.     Pursuant to Franklin First Financial's policy, pattern, and/or practice, Ted Ishak regularly worked in excess of 40 hours per week and did not receive minimum wage and proper overtime compensation for all hours worked.

19.     Plaintiff Ted Ishak is a covered employee within the meaning of the FLSA and the NYLL and seeks relief under both the FLSA and the NYLL for unpaid minimum wage and overtime compensation.

**Ezzat Tom Ishak**

20.     Plaintiff Ezzat Tom Ishak resides in Brooklyn, New York.

21.     Upon information and belief, Ezzat Tom Ishak was employed by Franklin First Financial from approximately January 2003 through approximately December 2006, as a loan officer.

22.     During his employment with Franklin First Financial, Ezzat Tom Ishak worked at 17 Battery Place, New York, New York 10004.

23.     Pursuant to Franklin First Financial's policy, pattern, and/or practice, Ezzat Tom Ishak regularly worked in excess of 40 hours per week and did not receive minimum wage and proper overtime compensation for all hours worked.

24.     Plaintiff Ezzat Tom Ishak is a covered employee within the meaning of the FLSA and the NYLL and seeks relief under both the FLSA and the NYLL for unpaid minimum wage and overtime compensation.

### Jason Bengert

25.     Plaintiff Jason Bengert resides in Scottsdale, Arizona.

26.     Upon information and belief, Jason Bengert was employed by Franklin First Financial from approximately March 2005 through approximately November 2006, as a loan officer.

27.     During his employment with Franklin First Financial, Jason Bengert worked at 17 Battery Place, New York, New York 10004.

28.     Pursuant to Franklin First Financial's policy, pattern, and/or practice, Jason Bengert regularly worked in excess of 40 hours per week and did not receive minimum wage and proper overtime compensation for all hours worked.

29.     Plaintiff Jason Bengert is a covered employee within the meaning of the FLSA and the NYLL and seeks relief under both the FLSA and the NYLL for unpaid minimum wage and overtime compensation.

**Steven Safdieh**

30.     Plaintiff Steven Safdieh resides in Brooklyn, New York.

31.     Upon information and belief, Steven Safdieh was employed by Franklin First Financial from approximately January 2005 through approximately August 2006, as a loan officer.

32.     During his employment with Franklin First Financial, Steven Safdieh worked at 17 Battery Place, New York, New York 10004.

33.     Pursuant to Franklin First Financial's policy, pattern, and/or practice, Steven Safdieh regularly worked in excess of 40 hours per week and did not receive minimum wage and proper overtime compensation for all hours worked.

34.     Plaintiff Steven Safdieh is a covered employee within the meaning of the FLSA and the NYLL and seeks relief under both the FLSA and the NYLL for unpaid minimum wage and overtime compensation.

**Ezra Hazan**

35.     Plaintiff Ezra Hazan resides in Brooklyn, New York.

36.     Upon information and belief, Ezra Hazan was employed by Franklin First Financial from approximately January 2005 through approximately August 2006, as a loan officer.

37.     During his employment with Franklin First Financial, Ezra Hazan worked at 17 Battery Place, New York, New York 10004.

38.     Pursuant to Franklin First Financial's policy, pattern, and/or practice, Ezra Hazan regularly worked in excess of 40 hours per week and did not receive minimum wage and proper overtime compensation for all hours worked.

39.     Plaintiff Ezra Hazan is a covered employee within the meaning of the FLSA and the NYLL and seeks relief under both the FLSA and the NYLL for unpaid minimum wage and overtime compensation.

**Ramy Hennedy**

40.     Plaintiff Ramy Hennedy resides in Staten Island, New York.

41.     Upon information and belief, Ramy Hennedy was employed by Franklin First Financial from approximately April 2004 through approximately April 2006, as a loan officer.

42.     During his employment with Franklin First Financial, Ramy Hennedy worked at 17 Battery Place, New York, New York 10004.

43.     Pursuant to Franklin First Financial's policy, pattern, and/or practice, Ramy Hennedy regularly worked in excess of 40 hours per week and did not receive minimum wage and proper overtime compensation for all hours worked.

44.     Plaintiff Ramy Hennedy is a covered employee within the meaning of the NYLL, and only seeks relief under the NYLL for unpaid minimum wage and overtime compensation.

**Fady Hennedy**

45.     Plaintiff Fady Hennedy resides in Staten Island, New York.

46.     Upon information and belief, Fady Hennedy was employed by Franklin First Financial from approximately January 2005 to November 2005 as a loan officer.

47.     During his employment with Franklin First Financial, Fady Hennedy worked at 17 Battery Park, New York, New York 10004.

48.     Pursuant to Franklin First Financial's policy, pattern, and/or practice, Fady Hennedy regularly worked in excess of 40 hours per week and did not receive minimum wage and proper overtime compensation for all hours worked.

49. Plaintiff Fady Hennedy is a covered employee within the meaning of the NYLL and seeks relief only under the NYLL for unpaid minimum wage and overtime compensation.

**Nevil Nayak**

50. Plaintiff Nevil Nayak ("Nayak") resides in East Brunswick, New Jersey.

51. Upon information and belief, Nayak was employed by Franklin First Financial from approximately January 2005 through approximately February 2006, as a loan officer.

52. During his employment with Franklin, Nayak worked at 17 Battery Place, New York, New York 10004.

53. Pursuant to Franklin First Financial's policy, pattern, and/or practice, Nayak regularly worked in excess of 40 hours per week and did not receive minimum wage and proper overtime compensation for all hours worked.

54. Plaintiff Nayak is a covered employee within the meaning of the NYLL and seeks relief only under the NYLL for unpaid minimum wage and overtime compensation.

**Robert Ishak**

55. Plaintiff Robert Ishak resides in Brooklyn, New York.

56. Upon information and belief, Robert Ishak was employed by Franklin First Financial from approximately January 2003 through approximately December 2005, as a loan officer.

57. During his employment with Franklin First Financial, Robert Ishak worked at 17 Battery Place, New York, New York 10004.

58. Pursuant to Franklin First Financial's policy, pattern, and/or practice, Robert Ishak regularly worked in excess of 40 hours per week and did not receive minimum wage and proper overtime compensation for all hours worked.

59. Plaintiff Robert Ishak is a covered employee within the meaning of the NYLL and seeks relief only under the NYLL for unpaid minimum wage and overtime compensation.

**Michael Missak**

60. Plaintiff Michael Missak ("Missak") resides in Staten Island, New York.

61. Upon information and belief, Missak was employed by Franklin First Financial from approximately May 2005 through approximately November 2005, as a loan officer.

62. During his employment with Franklin First Financial, Missak worked at 17 Battery Place, New York, New York 10004.

63. Pursuant to Franklin First Financial's policy, pattern, and/or practice, Missak regularly worked in excess of 40 hours per week and did not receive minimum wage and proper overtime compensation for all hours worked.

64. Plaintiff Missak is a covered employee within the meaning of the NYLL, and only seeks relief under the NYLL for unpaid minimum wage and overtime compensation.

*The Defendants*

**Franklin First Financial**

65. Defendant Franklin First Financial is a domestic business corporation, incorporated in the state of New York.

66. Upon information and belief, Franklin First Financial maintains its corporate headquarters at 329 Hempstead Turnpike, West Hempstead, New York 11552.

67. Franklin First Financial has employed Plaintiffs and those similarly situated during the relevant period.

68. Franklin First Financial is a covered employer within the meaning of the FLSA and the NYLL.

69. At all relevant times, Defendant maintained control, oversight, and direction over the operations of its branches, including its employment practices and engaged in the employment of loan officers, including the Named Plaintiffs and members of the FLSA Collective Action, to perform work in various states across the United States.

**Frederick Assini**

70. Upon information and belief, Defendant Frederick Assini ("Assini") is a resident of the state of New York.

71. Upon information and belief, at relevant times, Defendant Assini has been the Chief Operating Officer and owner of Franklin First Financial.

72. Upon information and belief, Defendant Assini has been the agent of the Franklin First Financial.

73. Upon information and belief, Defendant Assini has had the power over personnel decisions at Franklin First Financial.

74. Upon information and belief, Defendant Assini has had power over payroll decisions by Franklin First Financial.

75. Upon information and belief, Defendant Assini has taken an active role in managing Franklin First Financial.

76. Upon information and belief, at all times relevant, Defendant Assini has had the power to hire and fire employees of Franklin First Financial, including Plaintiffs, set their wages, retain time and/or wage records, and otherwise control the terms and conditions of their employment. Upon information and belief, at all times relevant, Defendant Assini has also had the power to stop any illegal pay practices that harmed Plaintiffs.

77.     Defendant Assini is a covered employer within the meaning of the FLSA and the NYLL and at all times relevant, employed and/or jointly employed Plaintiffs and similarly situated employees.

## JURISDICTION AND VENUE

78.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367 because they are so related to Plaintiffs' federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

79.     In addition, the Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 29 U.S.C. § 216(b).

80.     Upon information and belief, Franklin First Financial is subject to personal jurisdiction in New York.

81.     Upon information and belief, Assini is subject to personal jurisdiction in New York.

82.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

83.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

## COLLECTIVE ACTION ALLEGATIONS

84.    Plaintiffs Anthony, Vaught, Ted Ishak, Ezzat Tom Ishak, Bengert, Safdieh and Hazan ("FLSA Collective Named Plaintiffs") bring the First and Second Claims for Relief on behalf of all persons who worked for Defendants as loan officers (also referred to as loan originators or loan consultants, and both junior and senior loan officers) at any time three years prior to the filing of this Complaint, to the entry of judgment in this case ("FLSA Collective"). Upon information and belief, Defendants paid the FLSA Collective Named Plaintiffs and the FLSA Collective strictly on a commission basis, and suffered and permitted them to work more than forty hours per week. Defendants failed to pay them the federal minimum wage of $5.15, $5.85, and $6.55 per hour worked and did not pay them proper overtime compensation for all hours worked beyond forty per week.

85.    Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiffs. There are many similarly situated current and former Franklin First Financial employees who have been underpaid in violation of the FLSA who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Franklin First Financial, are readily identifiable, and can be located through Franklin First Financial's records. Notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

## COLLECTIVE-WIDE FACTUAL ALLEGATIONS

86.    Consistent with Defendants' policy and pattern or practice, FLSA Collective Named Plaintiffs and the members of the FLSA Collective failed to receive payment of federal minimum wage for each hour worked, and regularly worked in excess of 40 hours per work week without being paid overtime wages.

87.	All of the work that the FLSA Collective Named Plaintiffs and the FLSA Collective have performed has been assigned by Franklin First Financial and/or Franklin First Financial has been aware of all of the work that the FLSA Collective Named Plaintiffs and the FLSA Collective have performed.

88.	As part of its regular business practice, Franklin First Financial has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to the FLSA Collective Named Plaintiffs and the FLSA Collective. This policy and pattern or practice includes but is not limited to:

a.	willfully failing to pay its employees, including the FLSA Collective Named Plaintiffs and the FLSA Collective, federal minimum wage for each hour worked;

b.	willfully failing to pay its employees, including the FLSA Collective Named Plaintiffs and the FLSA Collective, overtime wages for hours that they worked in excess of 40 hours per work week;

c.	willfully classifying Plaintiffs and employees in roles with the same or similar duties and with the same or different titles, including, but not limited to, Junior Loan Officers, Senior Loan Officers, Loan Consultants, and Loan Originators, as exempt from the overtime requirements of the FLSA; and

d.	willfully failing to record all of the time that its employees, including the FLSA Collective Named Plaintiffs and the FLSA Collective, have worked for the benefit of Franklin First Financial.

89.     Defendants' unlawful conduct as described in this Complaint is pursuant to a corporate policy or practice of minimizing labor costs by misclassifying Plaintiffs and employees in roles with the same or similar duties and with the same or different titles at Defendants' worksites, including, but not limited to, Junior Loan Officers, Senior Loan Officers, Loan Consultants, and Loan Originators, as exempt from the overtime requirements of the FLSA and violating the FLSA by failing to pay them federal minimum wage for each hour worked, and for failing to pay these employees overtime premiums for time they worked in excess of 40 hours per workweek.

90.     Defendants are aware or should have been aware that federal law required them to pay employees minimum wage for all hours worked.

91.     Defendants are aware or should have been aware that federal law required them to pay employees performing non-exempt duties an overtime premium for hours worked in excess of forty per work week.

92.     The FLSA Collective Named Plaintiffs and the members of the FLSA Collective perform or performed the same primary duties.

93.     Defendants' unlawful conduct has been widespread, repeated, and consistent.

## PLAINTIFFS' FACTUAL ALLEGATIONS

94.     Franklin First Financial failed to pay Plaintiffs minimum wage for each hour worked.

95.     Plaintiffs worked more than 40 hours during most weeks during which they worked for Franklin First Financial.

96.     Franklin First Financial failed to pay Plaintiffs overtime compensation for any of the hours they worked over forty in a work week.

97. Franklin First Financial failed to keep accurate records with respect to Plaintiffs' work.

## FIRST CAUSE OF ACTION

### (Fair Labor Standards Act: Failure to Pay Minimum Wage)
### (Brought on Behalf of Plaintiffs Anthony, Vaught, Ted Ishak, Ezzat Tom Ishak, Bengert, Safdieh, Hazan, and Similarly Situated Current and Former Employees)

98. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

99. Franklin First Financial has engaged in a widespread pattern and practice of violating the FLSA, as detailed in this Complaint.

100. Plaintiffs Anthony, Vaught, Ted Ishak, Ezzat Tom Ishak, Bengert, Safdieh and Hazan have consented in writing to be parties to this action, pursuant to 29 U.S.C. § 216(b). Plaintiffs' consent forms are attached hereto as Exhibit A.

101. At all relevant times, Plaintiffs and other similarly situated current and former employees were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

102. The minimum wage provisions set forth in §§ 201 *et seq.*, of the FLSA apply to Franklin First Financial.

103. At all relevant times, Plaintiffs and others similarly situated were employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

104. Franklin First Financial has failed to pay Plaintiffs and other similarly situated current and former employees the federal minimum wage for each hour worked to which they were entitled under the FLSA.

105.    Franklin First Financial's violations of the FLSA, as described in this Complaint, have been willful and intentional.  Franklin First Financial has not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiffs and other similarly situated current and former employees.

106.    Because Franklin First Financial's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

107.    As a result of Franklin First Financial's willful violations of the FLSA, Plaintiffs and all others similarly situated have suffered damages by being denied minimum wage for each hour worked in accordance with 29 U.S.C. §§ 201 *et seq*.

108.    As a result of the Franklin First Financial's unlawful acts, Plaintiffs and other similarly situated current and former employees have been deprived of minimum wage payments in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
### (Fair Labor Standards Act: Unpaid Overtime Wages)
### (Brought on Behalf of Plaintiffs Anthony, Vaught, Ted Ishak, Ezzat Tom Ishak, Bengert, Safdieh, Hazan and Similarly Situated Current and Former Employees)

109.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

110.    Franklin First Financial has engaged in a widespread pattern and practice of violating the FLSA, as detailed in this Complaint.

111.    At all relevant times, Plaintiffs and other similarly situated current and former employees were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

112. The overtime wage provisions set forth in §§ 201 *et seq.*, of the FLSA applies to Franklin First Financial.

113. At all relevant times, Plaintiffs and others similarly situated were employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

114. Franklin First Financial has failed to pay Plaintiffs and other similarly situated current and former employees the overtime wages to which they were entitled under the FLSA.

115. Franklin First Financial's violations of the FLSA, as described in this Complaint, have been willful and intentional. Franklin First Financial has not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiffs and other similarly situated current and former employees.

116. Since Franklin First Financial's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

117. As a result of Franklin First Financial's willful violations of the FLSA, Plaintiffs and all others similarly situated have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201 *et seq.*

118. As a result of the Franklin First Financial's unlawful acts, Plaintiffs and other similarly situated current and former employees have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

### THIRD CAUSE OF ACTION
### (New York Labor Law: Minimum Wage)
### (Brought on Behalf of all Plaintiffs)

119.   Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

120.   Defendants failed to pay Plaintiffs the minimum wages to which they are entitled under the NYLL.

121.   Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Complaint.

122.   At all times relevant, Plaintiffs have been employees and Defendants have been employers within the meaning of the NYLL §§ 190, 651(5), 652 and the supporting New York State Department of Labor Regulations.

123.   The minimum wage provisions of Article 19 of the NYLL and the supporting New York State Department of Labor regulations apply to Defendants and protect the Plaintiffs.

124.   Defendants were required to pay Plaintiffs a minimum wage at a rate of (a) $5.15 per hour for all hours worked from June 24, 2000 through December 31, 2004; (b) $6.00 per hour for all hours worked from January 1, 2005 through December 31, 2005; (c) $6.75 per hour for all hours worked from January 1, 2006 through December 31, 2006; and (d) $7.15 per hour for all hours worked from January 1, 2007 through the present, under the NYLL § 652 and the supporting New York State Department of Labor regulations, including but not limited to the regulations in 12 N.Y.C.R.R. § 137-1.2.

125.   Defendants failed to pay Plaintiffs the minimum hourly wages to which they are entitled under the NYLL and the supporting New York State Department of Labor regulations.

126.   By Defendants' knowing or intentional failure to pay Plaintiffs minimum hourly

wages, they have willfully violated the NYLL Article 19 §§ 650 *et seq.* and the supporting New York State Department of Labor regulations, including but not limited to the regulations in 12 N.Y.C.R.R. § 137-1.2.

127.  Due to Defendants' violations of the NYLL, Plaintiffs are entitled to recover from Defendants their unpaid wages, liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## FOURTH CAUSE OF ACTION
### (New York Labor Law: Unpaid Overtime Wages)
### (Brought on Behalf of all Plaintiffs)

128.  Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

129.  At all relevant times, Plaintiffs were employees and Defendants were employers within the meaning of the NYLL.

130.  The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to Franklin First Financial.

131.  Franklin First Financial has failed to pay Plaintiffs the overtime wages to which they are entitled under the NYLL.

132.  By Franklin First Financial's failure to pay Plaintiffs overtime wages for hours worked in excess of 40 hours per week, it has willfully violated NYLL Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations, including, but not limited to, the regulations in 12 N.Y.C.R.R. Part 142.

133.  Due to Franklin First Financial's violations of the NYLL, Plaintiffs are entitled to recover from Franklin First Financial their unpaid overtime wages, liquidated damages, reasonable attorneys' fees, costs, and pre- and post-judgment interest.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, individually and on behalf of all other similarly situated persons, prays for the following relief:

A. At the earliest possible time, Plaintiffs should be allowed to give notice of this collective action, or that the court issue such notice, to all persons who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, been employed by Franklin First Financial at its worksites as loan officers or in roles with the same or similar duties but different titles, including, but not limited to, loan originators, loan consultants, junior and senior loan officers. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper minimum wage or overtime wages;

B. Unpaid minimum wage and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. §§ 201 *et seq.* and the supporting United States Department of Labor regulations for Plaintiffs Anthony, Vaught, Ted Ishak, Ezzat Tom Ishak, Bengert, Safdieh, Hazan and all those similarly situated;

C. Unpaid overtime wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. §§ 201 *et seq.* and the supporting United States Department of Labor regulations for Plaintiffs Anthony, Vaught, Ted Ishak, Ezzat Tom Ishak, Bengert, Safdieh, Hazan and all those similarly situated;

D. Unpaid minimum wage and liquidated damages pursuant to NYLL Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations for all Plaintiffs;

E.     Unpaid overtime wages and liquidated damages pursuant to NYLL Article 19,

§§ 650 *et seq.*, and the supporting New York State Department of Labor regulations for all

Plaintiffs;

F.     Pre-judgment interest;

G.     Attorneys' fees and costs; and

H.     Such other relief as this Court deems just and proper.

Dated: New York, New York
       June 17, 2009

Respectfully submitted,

**FITAPELLI & SCHAFFER, LLP**
By:

Brian S. Schaffer (BSS 7548)

**FITAPELLI & SCHAFFER, LLP**
Joseph A. Fitapelli (JAF 9058)
Brian S. Schaffer (BSS 7548)
1250 Broadway, Suite 3701
New York, New York 10001
Telephone: (212)300-0375

*Attorneys for Plaintiffs and the FLSA Collective*

## FAIR LABOR STANDARDS ACT CONSENT

I, consent to be a party plaintiff in a lawsuit against Franklin First Financial and/or related entities and individuals in order to seek redress for violations of Fair Labor Standards Act, pursuant to 29 U.S.C. §216 (b). I hereby designate Fitapelli & Schaffer, LLP to represent me in such a lawsuit.

Signature

_DAMON Anthony_

Full Legal Name (Print)

_210 Wards Ave_

Address

_NY, NY   10801_

City, State       Zip Code

## FAIR LABOR STANDARDS ACT CONSENT

I, consent to be a party plaintiff in a lawsuit against Franklin First Financial and/or related entities and individuals in order to seek redress for violations of Fair Labor Standards Act, pursuant to 29 U.S.C. §216 (b). I hereby designate Fitapelli & Schaffer, LLP to represent me in such a lawsuit.

Signature

MERVIN B. VAUGHT JR

Full Legal Name (Print)

10 L PARKHILL AVENUE

Address

STATEN ISLAND, N.Y. 10304

City, State          Zip Code

## FAIR LABOR STANDARDS ACT CONSENT

I, consent to be a party plaintiff in a lawsuit against Franklin First Financial and/or related entities and individuals in order to seek redress for violations of Fair Labor Standards Act, pursuant to 29 U.S.C. §216 (b). I hereby designate Fitapelli & Schaffer, LLP to represent me in such a lawsuit.

_____

Signature

TEDDY ISHAK

Full Legal Name (Print)

1458 East 4th St

Address

Brooklyn,NY, 11230

City, State          Zip Code

# FAIR LABOR STANDARDS ACT CONSENT

I, consent to be a party plaintiff in a lawsuit against Franklin First Financial and/or related entities and individuals in order to seek redress for violations of Fair Labor Standards Act, pursuant to 29 U.S.C. §216 (b). I hereby designate Fitapelli & Schaffer, LLP to represent me in such a lawsuit.

_____

Signature

Ezat Tom Ishak

Full Legal Name (Print)

502 Ave N

Address

Brooklyn NY 11230

City, State     Zip Code

## FAIR LABOR STANDARDS ACT CONSENT

I, consent to be a party plaintiff in a lawsuit against Franklin First Financial and/or related entities and individuals in order to seek redress for violations of Fair Labor Standards Act, pursuant to 29 U.S.C. §216 (b). I hereby designate Fitapelli & Schaffer, LLP to represent me in such a lawsuit.

Signature

Jason Michael Bengert

Full Legal Name (Print)

9378 E. Altadena Ave

Address

Scottsdale, AZ 85260

City, State      Zip Code

## FAIR LABOR STANDARDS ACT CONSENT

I, consent to be a party plaintiff in a lawsuit against Franklin First Financial and/or related entities and individuals in order to seek redress for violations of Fair Labor Standards Act, pursuant to 29 U.S.C. §216 (b). I hereby designate Fitapelli & Schaffer, LLP to represent me in such a lawsuit.

*Steven Safdieh*

Signature

Steven C SAFdieh

Full Legal Name (Print)

1666 ocean Parkway

Address

Brooklyn ny 11223

City, State          Zip Code

## FAIR LABOR STANDARDS ACT CONSENT

I, consent to be a party plaintiff in a lawsuit against Franklin First Financial and/or related entities and individuals in order to seek redress for violations of Fair Labor Standards Act, pursuant to 29 U.S.C. §216 (b). I hereby designate Fitapelli & Schaffer, LLP to represent me in such a lawsuit.

_Ezra Hazan_

Signature

EZRA HAZAN

Full Legal Name (Print)

1617 east 9th

Address

BRKLYN NY 11223

City, State        Zip Code